# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-0164V
### Filed: August 3, 2017

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| DONNA BARTHOLOMEW, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | Attorneys' Fees and Costs; |
| v. | * | Special Processing Unit ("SPU"). |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Michael G. McLaren, Black McLaren, et al., P.C., Memphis, TN, for petitioner.*
*Jennifer L. Reynaud, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

**Dorsey**, Chief Special Master:

On June 16, 2017, Donna Bartholomew ("petitioner") filed a motion for attorneys' fees and costs, requesting $37,174.50 in attorneys' fees for her counsel, Michael McLaren of Black McLaren Jones Ryland & Griffee ("the McLaren Firm"), and $2,710.67 in costs, for a total of $39,885.17. Petitioner's Application ("Pet. App.") dated June 16, 2017 (ECF No. 35) at 1. Petitioner did not incur any personal costs. Id., Ex. 3 at 1. Respondent did not file a response.

For the reasons discussed below, the undersigned GRANTS petitioner's application for attorneys' fees and costs and awards $39,743.97.

## I.      Introduction

On February 3, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

"Vaccine Act").  Petitioner alleged that she suffered a right shoulder injury as a result of receiving the hepatitis A ("Hep A") and inactivated polio ("IPV") vaccines on August 23, 2013, and an influenza ("flu") vaccine on September 5, 2013.  Petition at 1; Stipulation, filed March 22, 2017, at ¶ 2, 4.  On March 22, 2017, the undersigned issued a decision based on the parties' stipulation awarding petitioner $84,000.00.

## II.     Reasonable Attorneys' Fees

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. §300aa-15(e)(1).  In this case, petitioner was awarded compensation and therefore is entitled to an award of reasonable attorneys' fees and costs.

Petitioner requests $150.00 per hour for work performed by law clerks in 2016, and she requests $155.00 per hour for work performed by law clerks in 2017.  These rates fall outside of the 2015-2016[3] and 2017[4] Fee Schedules.  For 2016, the undersigned awards the law clerks $145.00 per hour, the maximum rate allowed for work performed by law clerks in 2016. The undersigned awards $148.00 per hour for law clerk work in 2017.  These adjustments result in a $141.20 reduction to petitioner's application.

With the exception of the law clerks who billed time in the case, all of the firm's requested hourly rates fall within the 2015-2016 and 2017 Fee Schedules and will be awarded in full.  Furthermore, the undersigned has reviewed the billing records submitted with petitioner's request.  In her experience, the request appears reasonable, and the undersigned will not further reduce the requested hours.

## III.     Reasonable Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable.  Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).  Petitioner's counsel requests $2,710.67 in attorneys' costs for expenses incurred by the firm.  Pet. App. at 2, Ex. 10 at 1.  Counsel requests reimbursement for costs related to collecting and copying medical records, paying the filing fee, and postage.  Id.  Counsel also requests reimbursement for expenses related to traveling from Nashville to San Francisco, California.

The undersigned finds all of these costs reasonable and awards them in full.

---

[3] The 2015-2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.  The hourly rates contained within are from the decision McCulloch v. Sec'y of Health & Human Servs., No. 09-093V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[4] The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.

## IV.    Conclusion

**<u>Attorneys' Fees</u>**
| | |
|---|---|
| Requested: | $37,174.50 |
| Law clerk rate reduction: | ($141.20) |
| Awarded: | $37,033.30 |

**<u>Attorneys' Costs</u>**
| | |
|---|---|
| Requested: | $2,710.67 |
| Reductions: | ($0.00) |
| Awarded: | $2,710.67 |

**<u>Total Fees and Costs</u>**:    $39,743.97

**Accordingly, the undersigned awards:**

**A lump sum in the amount of $39,743.97, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and her attorney, Mr. Michael McLaren.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

**<u>s/Nora Beth Dorsey</u>**
Nora Beth Dorsey
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.